## U.S. BANKRUPTCY COURT
### District of South Carolina

Case Number: **11-07777-hb**

### ORDER SUSTAINING TRUSTEE'S OBJECTION TO EXEMPTION

The relief set forth on the following pages, for a total of 6 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**06/08/2012**



US Bankruptcy Judge
District of South Carolina

Entered: 06/08/2012

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Robert John Wilde,<br><br>                                            Debtor(s). | C/A No. 11-07777-HB<br><br>Chapter 7<br><br>**ORDER SUSTAINING TRUSTEE'S OBJECTION TO EXEMPTION** |

**THIS MATTER** came before the Court for hearing on the Chapter 7 Trustee's Objection to the Debtor's claim of an exemption in the cash surrender value of whole life insurance policies.[1] The Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

The relevant facts are not disputed. Debtor filed a voluntary petition for Chapter 7 relief on December 16, 2011. Randy A. Skinner was appointed as the Chapter 7 Trustee. At the time of filing, Debtor held three whole life insurance policies with Thrivent Financial with significant cash surrender values. Debtor's probate estate was listed as the beneficiary under each policy. Debtor claimed various exemptions to protect these assets and the Trustee objected.

Debtor's interest in any cash surrender value of the life insurance policies is property of the bankruptcy estate. *See In re Sims*, 421 B.R. 745, 748 (Bankr. D.S.C. 2010) ("The interest of the owner of the insurance policy and the interest of the insured in the policy are property of the bankruptcy estate." (citing *Milligan v. Trautman (In re Trautman)*, 496 F.3D 366 (5th Cir. 2007)). The Bankruptcy Code permits a debtor to exempt from the estate certain property for which an exemption is available under state or federal law. 11 U.S.C. § 522(b). In South Carolina, state exemptions are appropriate. *In*

---

[1] Doc. No. 34, filed Feb. 15, 2012; Doc. No. 37, filed Mar. 6, 2012 (Debtor's Response).

1

*re Lafferty*, __ B.R. __, 2012 WL 1098259, at *7 (Bankr. D.S.C. Apr. 3, 2012) (citing 11 U.S.C. § 522(b)(2); S.C. Code § 15-41-35).

By the time the hearing was held, the only exemption still in dispute was the "liquid asset" exemption claimed pursuant to § 15-41-30(A)(5), which includes "[t]he debtor's aggregate interest in cash and other liquid assets to the extent of a value not exceeding five thousand dollars, except that this exemption is available only to an individual who does not claim a homestead exemption."[2] The Trustee argues that this exemption is not applicable to the asset in question.[3]

Debtor's counsel relies on the Black's Law Dictionary definition for "liquid asset" to support his argument that the cash surrender values of the insurance policies are exempt. Black's defines a "liquid asset" as "[a]n asset that is readily convertible into cash, such as a marketable security, a note, or an account receivable." *Black's Law Dictionary* (9th ed. 2009). Counsel argues that the cash surrender values of the life insurance policies were "readily convertible into cash" on the petition date because the Debtor only had to cancel the policies in order to receive their cash value. Therefore, the cash value of the policies was similar in nature to receivables, which are specifically mentioned in § 15-41-30(A)(5), resulting in exemptible liquid assets.

---

[2] The maximum amount of the exemption is periodically adjusted by the State Budget and Control Board and as a result of such adjustments, the maximum allowable "liquid assets" exemption at the time the petition was filed was $5,350. Debtor claimed additional exemptions pursuant to the following provisions: § 15-41(A)(7) the "wild card" exemption; § 15-41-30(A)(8), which exempts unmatured life insurance contracts owned by the debtor; and § 15-41-30(A)(9), which exempts any accrued interest under an unmatured life insurance contract owned by the debtor under which the debtor is insured. Debtor did not claim any exemptions pursuant to § 38-63-40(A). That section allows an exemption for the "[p]roceeds and cash surrender values of life insurance **payable to a beneficiary other than the insured's estate** in which such proceeds and cash surrender values are expressed to be for the primary benefit of the insured's spouse, children, or dependents…." S.C. Code Ann. § 38-63-40(A) (emphasis added).

[3] The parties agree that the Court should determine the exemption issue based on the facts as they existed at the time the bankruptcy case was filed. Post-petition and before this issue could be decided by the Court, the Debtor died with the policies intact. Debtor's counsel argues that the bankruptcy estate is now a creditor of the probate estate, and the probate estate is entitled to a "credit" or deduction of the bankruptcy estate's claim made or to be made in the probate estate in an amount equal to this exemption, if allowed.

Black's defines a receivable as "an amount owed . . ." and the similar term "account receivable" is defined as "[a]n account reflecting a balance owed by a debtor; a debt owed by a customer to an enterprise for goods or services." *Id.*; *see also Sadler v. Pure Oil Co.*, 172 S.C. 220, 173 S.E. 640, 641 (S.C. 1934) ("In 1st C. J. 730, it is said that an account receivable is an obligation owing to a person on open account, and in *National Bank of Newport v. National Herkimer County Bank*, 225 U. S. at page 184, 32 S. Ct. 633, 56 L. Ed. 1042, it is said that accounts receivable are assets owing on open account."). Black's also provides a specific definition for "cash surrender value," defining it as "[t]he amount of money payable when an insurance policy having cash value, such as a whole-life policy, is redeemed before maturity or death." *Id.* A receivable is an "amount owed"; however, cash surrender value is not an amount *owed*, but rather an amount redeemable to the insured only when the life insurance policy is terminated prior to maturity or death. The language of the exemption does not cover the asset in question.

Exemption statutes are to be construed liberally in favor of the debtor in order to maximize the debtor's fresh start. *See In re Patel*, 431 B.R. 682, 688 (Bankr. D.S.C. 2010) (citing *Hickman v. Hanover*, 33 F.2d 873, 874 (4th Cir. 1928)). However, the Court must also follow any applicable precedent and the well-established rules of statutory construction. "In construing a state statute[,] a federal court follows the decisions of the highest state court and in the absence of a controlling decision should interpret the statute as it believes the state court would." *Sims*, 421 B.R. at 750 (citations omitted). Under South Carolina law, the cardinal rule for statutory interpretation is to determine and effectuate the intent of the legislature. *Grimsley v. S.C. Law Enforcement*

3

*Div.*, 396 S.C. 276, 281, 721 S.E.2d 423, 426 (2012) (citing *Sloan v. Hardee*, 371 S.C. 495, 498, 640 S.E.2d 457, 459 (2007)). The legislature's intent should be ascertained primarily from the plain language of the statute because "[w]hat a legislature says in the text of a statute is considered the best evidence of the legislative intent or will." *Jones v. State Farm Mut. Auto. Ins. Co.*, 364 S.C. 222, 231, 612 S.E.2d 719, 724 (Ct. App. 2005) (citing *Bayle v. S.C. Dept. of Transp.*, 344 S.C. 115, 542 S.E.2d 736 (Ct. App. 2001)). "When interpreting the plain meaning of a statute, courts should not resort to subtle or forced construction to limit or expand the statute's operation." *State v. Jacobs*, 393 S.C. 584, 587, 713 S.E.2d 621, 622 (2011).

Section 15-41-30(A)(5) enumerates assets that constitute exemptible "liquid assets." The statutory language specifically includes "deposits, securities, notes, drafts, unpaid earnings not otherwise exempt, accrued vacation pay, refunds, prepayments, and other receivables." S.C. Code Ann. § 15-41-30(A)(5). "The canon of construction '*expressio unius est exclusio alterius*' or '*inclusio unius est exclusio alterius*' holds that 'to express or include one thing implies the exclusion of another, or of the alternative.'" *S.C. Dept. of Consumer Affairs v. Rent-A-Ctr., Inc.*, 345 S.C. 251, 256, 547 S.E.2d 881, 883-84 (Ct. App. 2001) (quoting *Hodges v. Rainey* 341 S.C. 79, 86, 533 S.E.2d 578, 582 (2000)). This "maxim should be used to accomplish legislative intent, not defeat it." *Id.* (citing *Home Bldg. & Loan Ass'n v. City of Spartanburg,* 185 S.C. 313, 321, 194 S.E. 139, 142 (1937)). Section 15-41-30(A)(5) does not specifically include an exemption for any cash surrender value for life insurance and that asset does not easily fall within any of the enumerated categories.[4] The exclusion of cash surrender value from the assets listed evidences an intent that § 15-41-30(A)(5) is inapplicable here. *Cf. Rainey*, 341 S.C. at 87,

---

[4] *See supra* at 3.

533 S.E.2d at 582 ("'The enumeration of exclusions from the operation of a statute indicates that the statute should apply to all cases not specifically excluded. Exceptions strengthen the force of the general law and enumeration weakens it as to things not expressed.'" (quoting Norman J. Singer, *Sutherland Statutory Construction* § 47.23 at 227 (5th ed. 1992))).

**IT IS THEREFORE ORDERED** that the Trustee's Objection is **sustained** and the Debtor's claimed exemption of $4,680 in the cash surrender value of the whole life insurance policies pursuant to S.C. Code Ann. § 15-41-30(A)(5) is disallowed.

**AND IT IS SO ORDERED.**